# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2022

Lyle W. Cayce
Clerk

No. 21-60783
Summary Calendar

———

Brendy Alicia Armijo-Borjas; Jeison Alexander Mejia-Armijo,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 565 389
BIA No. A216 565 388

———

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Brendy Alicia Armijo-Borjas and her minor son, Jeison Alexander Mejia-Armijo, a derivative applicant on his mother's asylum application, both natives and citizens of Honduras, have petitioned for review of a

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60783

decision of the Board of Immigration Appeals (BIA) dismissing an appeal from a decision of the immigration judge (IJ) concluding that Armijo-Borjas was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Armijo-Borjas pursued asylum based on her membership in a particular social group (PSG) defined as "women who had a male partner in a gang, who committed domestic violence." The BIA determined that this was not a cognizable PSG; further, it determined that even if her proposed PSG was cognizable, Armijo-Borjas had not established the requisite nexus between her past harm, or her feared future harm, and a protected ground.

In their brief, Armijo-Borjas and her son concentrate on the nexus requirement, arguing that her membership in the PSG was one reason she was threatened and harmed. However, by focusing narrowly on the nexus requirement, Armijo-Borjas and her son have failed to brief, and have therefore abandoned, the dispositive issue concerning whether the proposed PSG is cognizable. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). And, in any event, the BIA did not err in determining that the proposed PSG of "women who had a male partner in a gang, who committed domestic violence" is not cognizable, as it is circularly defined in terms of its harm. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019).

Having failed to show membership in a cognizable PSG, the only protected ground raised in her asylum application, Armijo-Borjas fails to establish eligibility for asylum. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Because "[w]ithholding of removal is a higher standard than asylum," *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002), and also requires a showing of persecution on account of a protected ground, *see id.*, her failure to establish eligibility for asylum necessarily defeats her claim for

No. 21-60783

withholding of removal, *see Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

Armijo-Borjas and her son also challenge the BIA's denial of protection under the CAT.  They rely on evidence that Armijo-Borjas was previously in a relationship with a gang member who abused her, and they also point to documentary evidence showing that organized criminal elements in Honduras, including gangs, commit torture and other acts of violence against women, and that journalists and members of civil society have reported threats from organized crime.

Although the abuse suffered by Armijo-Borjas was severe and repeated, "a government's inability to protect its citizens does not amount to acquiescence," *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019), and here the petitioners have not "pointed to evidence establishing that Honduran authorities would acquiesce" to their torture, *Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019).  Further, as the record reflects that, after escaping the abusive relationship and moving to another town in Honduras, Armijo-Borjas and her son lived for several years without suffering additional harm, we conclude that substantial evidence supports the denial of the CAT claim.  *See id.* at 772-73.

The petition for review is DENIED.